Leslie A. Cohen, Esq. (SBN: 93698)
  leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
  jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

Attorneys for Defendant

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MARK ELIAS CRONE,<br>            Debtor.<br><br>———————————————<br>CKR LAW, LLP.,<br>            Plaintiff(s),<br>v.<br>MARK ELIAS CRONE,<br>            Defendant(s) | Case No. 2:17-bk-12392-BR<br><br>Adv. No.: 2:17-ap-01310-BR<br><br>Chapter 7<br><br>**NOTICE OF SERVICE OF SUBPOENA ON LAWRENCE TOFEL PURSUANT TO FRBP 9016 AND FRCP 45**<br><br>Deposition and Document Production:<br>Date: September 28, 2018<br>Time: 9:00 a.m.<br>Address: 390 Park Avenue, 7th Floor<br>           New York, NY 10022 |

   PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Rule 9016 of the Federal Rules of Bankruptcy Procedure, defendant Mark Elias Crone ("**Debtor**" or "**Defendant**"), defendant in the above-captioned adversary proceeding, is serving a subpoena for deposition of Lawrence Tofel and document production, to be held on September 28, 2018 starting at 9:00 a.m. at the law

office located at 390 Park Avenue, 7th Floor, New York, NY 10022.  A copy of the Subpoena, and document production request, is attached hereto as Exhibit A.

Debtor reserves the right to use any part of all of the deposition in lieu of live testimony of the deponent. Debtor further reserves the right to supplement his requests and to make further requests in connection with the above-captioned case. Nothing herein shall in any way limit Debtor's right to pursue any and all further discovery in this case.

Dated: August 17, 2018                                    Leslie Cohen Law, PC


                                                          */s/ Leslie A. Cohen*
                                                          Leslie A. Cohen
                                                          Counsel for Defendant

# **EXHIBIT A**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Central__ District of __California__

In re  Mark Elias Crone
              Debtor

Case No. 2:17-bk-12392-BR

*(Complete if issued in an adversary proceeding)*
CKR Law LLP (Adv. 2:17-ap-01310) Jeffrey A. Rinde (Adv. 2:17-ap-01311-BR)
              Plaintiff

Chapter 7

v.

Mark Elias Crone
              Defendant

Adv. Proc. No. 2:17-ap-01310-BR; 2:17-ap-01311-BR

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Lawrence Tofel

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE<br>390 Park Avenue, 7th Floor, New York, NY 10022 | DATE AND TIME<br>September 28, 2018 at 9:00 a.m. |
|---|---|

The deposition will be recorded by this method:
Deposition will be taken before a notary public authorized to administer oaths, and shall be recorded stenographically and the noticing party may use video and real time transcription during the deposition.

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

see attached

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

                            OR     [signature]

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Mark Crone, who issues or requests this subpoena, are:
Jonathan Uretsky, 111 Broadway, 8th Floor, New York, NY 10006 p: (212) 571-1255 uretsky@pullp.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: Lawrence Tofel
LAWRENCE E. TOFEL P.C. 163 WASHINGTON AVE STE 5B, BROOKLYN, NY 11205-2974
_____ *on (date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:



American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

American LegalNet, Inc.
www.FormsWorkFlow.com

Subpoena Exhibit A

### I.  DEFINITIONS

The following words shall have the meanings set forth below:

A. The plural of any word used herein includes the singular and the singular includes the plural.  The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

B. "AND" and "OR" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C. "BANKRUPTCY COURT" means the United States Bankruptcy Court for the Central District of California.

D. "COMMUNICATIONS" means handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing, including electronically stored information, a form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof.

E. "DEFENDANT" means MARK CRONE.

F. "DESCRIBE" means to state all facts, circumstances, events and evidence RELATING TO the Request.

G. As used herein, the term "DOCUMENT" means documents as defined in Rule 7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of Civil Procedure, and refers to any kind of printed, recorded, written, graphic, photographic or sound recorded matter, however, printed, produced, coded or stored, of any kind or description, whether sent or received or not, including originals, copies, reproductions, facsimiles, drafts, both sides of any such DOCUMENT, including without further limitation, all "writings" as defined by California Evidence Code section 250 and, all objects or tangible things such as computer tapes, magnetic tapes, punch cards, computer printouts, microfilms, and all other records kept by electronic, photographic or mechanical means and anything similar to the foregoing, however, denominated by YOU.  If a DOCUMENT has been prepared in one or more copies, and any copy that is not identical or is no longer identical with the original by reason of a subsequent notation or modification of any kind whatsoever, including, without limitation, notes or modifications on the margins or backs of pages thereof, each non identical copy shall be considered a separate document.

To the extent that YOU withhold any DOCUMENT from production on the grounds of the work product rule or the attorney client privilege, or any other purported grounds for withholding the DOCUMENT from production, YOU shall identify each such withheld DOCUMENT by reference to the author of the DOCUMENT, the addresses of the DOCUMENT, the other recipients of the DOCUMENT, the date of the DOCUMENT, the general subject matter of the DOCUMENT, the time and place of preparation and receipt of the DOCUMENT, the relationship of the author, addressee and any other recipients to each other, and the basis for withholding the DOCUMENT from production.

If any requested DOCUMENT is no longer in existence or is lost, YOU shall state for each such DOCUMENT:  the type of DOCUMENT; the information contained therein; the date upon which the DOCUMENT ceased to exist or was lost; the circumstances under which the

DOCUMENT ceased to exist or was lost; and the identity of any and all persons who have or who had knowledge of the DOCUMENT's contents.

If any DOCUMENT cannot be produced in full, YOU shall produce such DOCUMENT to the extent possible, and state the reason(s) for YOUR inability to produce the remainder of the DOCUMENT.  With respect to the remainder, YOU are directed to state what information, knowledge, or belief YOU have concerning the unproduced portion.

If any document described below was in YOUR possession, custody or control, but has been disposed of, lost, discarded or destroyed, identify such document; specify its author, addressee, date, subject mater, and all persons to whom copies were furnished; describe the contents of the documents; state when the document was within YOUR possession, custody or control; state the location of the disposed documents and the location of any alternative copies of lost, discarded, or destroyed documents, the date or approximate time of the disposition, loss, or destruction or discarding, the reason for the disposition, loss, destruction or discarding, and the person responsible.

Documents withheld on the grounds of privilege, work product, trade secrecy or any other ground are to be specifically identified and listed with a statement as to the following:

1. The name(s) and title(s) of the author(s) of the document;
2. The name(s) and title(s) of each person to whom the document was addressed;
3. The name(s) and title(s) of the person(s) to whom copies of the document were sent;
4. The date of the document;
5. The number of pages comprising the document;
6. A brief description of the subject matter of the document;
7. The nature of the claimed evidentiary privilege; and
8. The location of the original of the document on the date of receipt of request

H. "IDENTIFY," when used in connection with a natural person means:  state the individual's full name, his or her familial relationship with YOU, his or her last known residential address, whether he or she is living or deceased and, if deceased, the date on which they died.

The term "IDENTIFY," when used in connection with a company, corporation, association, partnership, joint venture, or any legal entity other than a natural person means: state its full name and type of organization or entity; the address of its principal place of business; its date and place of incorporation; and the identify of its officers, directors, and managing agents.

The term "IDENTIFY," when used in connection with an EQUITY INTEREST means:  state the name of the corporation or partnership who issued you the EQUITY INTEREST, the address of that corporation or partnership, the date you obtained the EQUITY INTEREST, the fair market value of the EQUITY INTEREST on the date it was received, the date on which you transferred the EQUITY INTEREST to another PERSON, the fair market value of the EQUITY INTEREST on the date you transferred it away, and a general description of the reason why the obtained the EQUITY INTEREST and why you transferred it away (if applicable).

The term "IDENTIFY," when used in connection with real property means:  state the street address, city or town, state and country in which the real property is located.

The term "IDENTIFY," when used in connection with an instance or event means: state the date and place of the event, provide a general description of the event, and identify the persons involved and their respective actions.

The term "IDENTIFY," when used in connection with an oral statement means: state the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to whom the statement was addressed, if practicable, and otherwise a general description of the persons to whom the statement was addressed; the subject matter of the statement; and, if the statement was memorialized in writing or mechanical or other recording, the date and present location of said writing or mechanical recording.

The term "IDENTIFY," when used in connection with a written statement or document means: state the name of the author; the type of document or writing; the date; the addressee or recipient, if practicable, and otherwise a general description of the persons to whom the writing was distributed; the subject matter; and the present location. In lieu of such identification, YOU may attach a copy of the writing containing said written statement and refer thereto in your answer.

I. "PERSON" includes any natural person, corporation, firm, association, partnership, joint venture, government agency or any other entity.

J. As used herein, the term "THE PRESENT TIME" refers to the date upon which responding party serves its written response to this Set of Production Requests.

K. "RELATE" OR "RELATING TO" mean alluding to, analyzing, characterizing, commenting upon, comprising, constituting, containing, describing, disclosing, discussing, embodying, evidencing, explaining, identifying, memorializing, mentioning, opposing, recording, referring to, reflecting, refuting, responding to, setting forth, showing, summarizing, supporting or otherwise relating to in any way, either directly or indirectly, in whole or in part, the subject matter referenced.

L. "YOU" AND "YOUR" means the entity or individual to whom the foregoing subpoena is directed.

## II. DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1.:**

Any and all DOCUMENTS RELATED to YOUR retention by CKR Law LLP, CKR Global Advisors, Inc. and or Jeffrey A. Rinde, including but not limited to engagements letters and billing invoices.

.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

506 Santa Monica Blvd, Suite 200, Santa Monica, A 90401

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF SERVICE OF SUBPOENA ON LAWRENCE TOFEL PURSUANT TO FRBP 9016 AND FRCP 45** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/17/18, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Leslie A Cohen     leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
Howard M Ehrenberg (TR)     ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com
J. Bennett Friedman     jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 8/17/18, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Hon. Barry Russell<br>U.S. Bankruptcy Court<br>255 E. Temple St.<br>Los Angeles, CA 90012 | J. Bennett Friedman, Esq.<br>Michael Sobkowiak, Esq.<br>FRIEDMAN LAW GROUP, P.C.<br>1900 Avenue of the Stars, 11th Fl.<br>Los Angeles, California 90067 | United States Trustee<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/17/18 | Allie Kiekhofer | /s/ Allie Kiekhofer |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*            **F 9013-3.1.PROOF.SERVICE**