Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Defendant

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MARK ELIAS CRONE,<br>Debtor.<br><br>_____<br><br>CKR LAW, LLP.,<br><br>Plaintiff(s),<br><br>v.<br><br>MARK ELIAS CRONE,<br><br>Defendant(s) | Case No. 2:17-bk-12392-BR<br><br>Adv. No.: 2:17-ap-01310-BR<br><br>Chapter 7<br><br>**NOTICE OF SERVICE OF SUBPOENA ON MICHAEL MALONEY PURSUANT TO FRBP 9016 AND FRCP 45**<br><br>Deposition and Document Production:<br>Date: September 25, 2018<br>Time: 9:00 a.m.<br>Address: 390 Park Avenue, 7th Floor<br>New York, NY 10022 |

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Rule 9016 of the Federal Rules of Bankruptcy Procedure, defendant Mark Elias Crone ("**Debtor**" or "**Defendant**"), defendant in the above-captioned adversary proceeding, is serving a subpoena for deposition of Michael Maloney and document production, to be held on September 25, 2018 starting at 9:00 a.m. at the law

1  office located at 390 Park Avenue, 7th Floor, New York, NY 10022.  A copy of the

2  Subpoena, and document production request, is attached hereto as Exhibit A.

3      Debtor reserves the right to use any part of all of the deposition in lieu of live

4  testimony of the deponent. Debtor further reserves the right to supplement his requests

5  and to make further requests in connection with the above-captioned case. Nothing herein

6  shall in any way limit Debtor's right to pursue any and all further discovery in this case.

7

8  Dated: August 17, 2018                    Leslie Cohen Law, PC

9

10                    /s/ Leslie A. Cohen

11                    Leslie A. Cohen
                      Counsel for Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT A**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Central _____   District of _____ California _____

In re  Mark Elias Crone _____
                    Debtor

Case No. 2:17-bk-12392-BR _____

*(Complete if issued in an adversary proceeding)*
CKR Law LLP (Adv. 2:17-ap-01310) Jeffrey A. Rinde
(Adv. 2:17-ap-01311-BR) _____
                    Plaintiff

Chapter 7 _____

                    v.

Mark Elias Crone _____
                    Defendant

Adv. Proc. No. 2:17-ap-01310-BR; 2:17-ap-01311-BR

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Michael Maloney _____
                    *(Name of person to whom the subpoena is directed)*

☒ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| 390 Park Avenue, 7th Floor, New York, NY  10022 | September 25, 2018 at 9:00 a.m. |

The deposition will be recorded by this method:
Deposition will be taken before a notary public authorized to administer oaths, and shall be recorded stenographically and the noticing party may use video and real time transcription during the deposition.

☒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

see attached

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

              CLERK OF COURT

                                    OR

    _____            _____
    *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Mark Crone, who issues or requests this subpoena, are:
Jonathan Uretsky, 111 Broadway, 8th Floor, New York, NY 10006 p: (212) 571-1255 uretsky@pullp.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

### PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: Michael Maloney

1330 Avenue of the Americas, 14ᵗʰ Floor, New York, NY 10019

_____ *on (date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:



B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

American LegalNet, Inc.
www.FormsWorkFlow.com

## **Exhibit A:**

Subpoena Attachment

Subpoena Exhibit A

## I.  DEFINITIONS

The following words shall have the meanings set forth below:

A.       The plural of any word used herein includes the singular and the singular includes the plural.  The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

B.       "AND" and "OR" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C.       "BANKRUPTCY COURT" means the United States Bankruptcy Court for the Central District of California.

D.       "COMMUNICATIONS" means handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing, including electronically stored information, a form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof.

E.       "DEFENDANT" means MARK CRONE.

F.       "DESCRIBE" means to state all facts, circumstances, events and evidence RELATING TO the Request.

G.       As used herein, the term "DOCUMENT" means documents as defined in Rule 7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of Civil Procedure, and refers to any kind of printed, recorded, written, graphic, photographic or sound recorded matter, however, printed, produced, coded or stored, of any kind or description, whether sent or received or not, including originals, copies, reproductions, facsimiles, drafts, both sides of any such DOCUMENT, including without further limitation, all "writings" as defined by California Evidence Code section 250 and, all objects or tangible things such as computer tapes, magnetic tapes, punch cards, computer printouts, microfilms, and all other records kept by electronic, photographic or mechanical means and anything similar to the foregoing, however, denominated by YOU.  If a DOCUMENT has been prepared in one or more copies, and any copy that is not identical or is no longer identical with the original by reason of a subsequent notation or modification of any kind whatsoever, including, without limitation, notes or modifications on the margins or backs of pages thereof, each non identical copy shall be considered a separate document.

To the extent that YOU withhold any DOCUMENT from production on the grounds of the work product rule or the attorney client privilege, or any other purported grounds for withholding the DOCUMENT from production, YOU shall identify each such withheld DOCUMENT by reference to the author of the DOCUMENT, the addresses of the DOCUMENT, the other recipients of the DOCUMENT, the date of the DOCUMENT, the general subject matter of the DOCUMENT, the time and place of preparation and receipt of the DOCUMENT, the relationship of the author, addressee and any other recipients to each other, and the basis for withholding the DOCUMENT from production.

 If any requested DOCUMENT is no longer in existence or is lost, YOU shall state for each such DOCUMENT:  the type of DOCUMENT; the information contained therein; the date upon which the DOCUMENT ceased to exist or was lost; the circumstances under which the

DOCUMENT ceased to exist or was lost; and the identity of any and all persons who have or who had knowledge of the DOCUMENT's contents.

If any DOCUMENT cannot be produced in full, YOU shall produce such DOCUMENT to the extent possible, and state the reason(s) for YOUR inability to produce the remainder of the DOCUMENT.  With respect to the remainder, YOU are directed to state what information, knowledge, or belief YOU have concerning the unproduced portion.

If any document described below was in YOUR possession, custody or control, but has been disposed of, lost, discarded or destroyed, identify such document; specify its author, addressee, date, subject mater, and all persons to whom copies were furnished; describe the contents of the documents; state when the document was within YOUR possession, custody or control; state the location of the disposed documents and the location of any alternative copies of lost, discarded, or destroyed documents, the date or approximate time of the disposition, loss, or destruction or discarding, the reason for the disposition, loss, destruction or discarding, and the person responsible.

Documents withheld on the grounds of privilege, work product, trade secrecy or any other ground are to be specifically identified and listed with a statement as to the following:

1.      The name(s) and title(s) of the author(s) of the document;

2.      The name(s) and title(s) of each person to whom the document was addressed;

3.      The name(s) and title(s) of the person(s) to whom copies of the document were sent;

4.      The date of the document;

5.      The number of pages comprising the document;

6.      A brief description of the subject matter of the document;

7.      The nature of the claimed evidentiary privilege; and

8.      The location of the original of the document on the date of receipt of request

H.      "IDENTIFY," when used in connection with a natural person means:  state the individual's full name, his or her familial relationship with YOU, his or her last known residential address, whether he or she is living or deceased and, if deceased, the date on which they died.

The term "IDENTIFY," when used in connection with a company, corporation, association, partnership, joint venture, or any legal entity other than a natural person means: state its full name and type of organization or entity; the address of its principal place of business; its date and place of incorporation; and the identify of its officers, directors, and managing agents.

The term "IDENTIFY," when used in connection with an EQUITY INTEREST means:  state the name of the corporation or partnership who issued you the EQUITY INTEREST, the address of that corporation or partnership, the date you obtained the EQUITY INTEREST, the fair market value of the EQUITY INTEREST on the date it was received, the date on which you transferred the EQUITY INTEREST to another PERSON, the fair market value of the EQUITY INTEREST on the date you transferred it away, and a general description of the reason why the obtained the EQUITY INTEREST and why you transferred it away (if applicable).

The term "IDENTIFY," when used in connection with real property means:  state the street address, city or town, state and country in which the real property is located.

The term "IDENTIFY," when used in connection with an instance or event means:  state the date and place of the event, provide a general description of the event, and identify the persons involved and their respective actions.

The term "IDENTIFY," when used in connection with an oral statement means: state the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to whom the statement was addressed, if practicable, and otherwise a general description of the persons to whom the statement was addressed; the subject matter of the statement; and, if the statement was memorialized in writing or mechanical or other recording, the date and present location of said writing or mechanical recording.

The term "IDENTIFY," when used in connection with a written statement or document means:  state the name of the author; the type of document or writing; the date; the addressee or recipient, if practicable, and otherwise a general description of the persons to whom the writing was distributed; the subject matter; and the present location.  In lieu of such identification, YOU may attach a copy of the writing containing said written statement and refer thereto in your answer.

I.      "PERSON" includes any natural person, corporation, firm, association, partnership, joint venture, government agency or any other entity.

J.      As used herein, the term "THE PRESENT TIME" refers to the date upon which responding party serves its written response to this Set of Production Requests.

K.      "RELATE" OR "RELATING TO" mean alluding to, analyzing, characterizing, commenting upon, comprising, constituting, containing, describing, disclosing, discussing, embodying, evidencing, explaining, identifying, memorializing, mentioning, opposing, recording,  referring to, reflecting, refuting, responding to, setting forth, showing, summarizing, supporting or otherwise relating to in any way, either directly or indirectly, in whole or in part, the subject matter referenced.

L.      "YOU" AND "YOUR" means the entity or individual to whom the foregoing subpoena is directed.

## II.  DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1.:**

All DOCUMENTS RELATED to any transactions between Endeavor Global Partners and any other party including but not limited to those transactions which occurred:

i.      In approximately July of 2014 as identified in the CKR Holding/Wire Account Ledger dated July 1, 2014 through September 19, 2014 attached hereto as Exhibit B;

ii.     In approximately December of 2014 as identified in the CKR Holding/Wire Account Ledger dated July 1, 2014 through January 30, 2015 attached hereto as Exhibit C;

iii.    In approximately August of 2014 as identified in the CKR Holding/Wire Account Ledger dated July 1, 2014 through September 19, 2014 attached hereto as Exhibit B.

**REQUEST FOR PRODUCTION NO. 2.:**

All DOCUMENTS RELATED to the following persons or entities, including but not limited to, engagement letters, legal work, billable time, time records, time sheets, financial data and records, emails, any other written communications, invoices and stock grants to or from:

i.      Juntion Development Hong Kong Ltd
ii.     Ivan Berkowitz
iii.    Paul C Psarris
iv.     Stone Hill Business Capital Corp
v.      Zellex Ltd
vi.     David Fresne
vii.    Maytiv Foundation
viii.   Endeavor Global Partners Corp.
ix.     ZCA Advisors Inc.
x.      Yiu Fung
xi.     AIZ Energy
xii.    BMR Consulting (aka BMR)
xiii.   Equus Holdings Ltd. aka Equus Holdings (HK) Limited
xiv.    Megos Trading Corp Limited
xv.     Straightline Capital
xvi.    B & B International Trading
xvii.   Ding Ke
xviii.  Xie Rui
xix.    Idria Consulting Services (HK), Ltd
xx.     David Ault

**REQUEST FOR PRODUCTION NO. 3.:**

Any and all DOCUMENTS RELATED to Yiu Fung (as identified in the CKR Holding/Wire Account Ledger dated July 1, 2014 through September 19, 2014, attached hereto as Exhibit B), including but not limited to letters of credit issued in conjunction with or for the benefit of CKR Law LLP.

**REQUEST FOR PRODUCTION NO. 4.:**

Any and all DOCUMENTS RELATED to AIZ  a/k/a AIZ Energy including but not limited to all DOCUMENTS RELATED to any transactions between AIZ and any other party as identified in the CKR Holding/Wire Account Ledger dated July 1, 2014 through September 19, 2014 attached hereto as Exhibit B.

**REQUEST FOR PRODUCTION NO. 5.:**

Any and all DOCUMENTS RELATED to Pansolar Generation SA, including but not limited to all DOCUMENTS RELATED to any transactions between Pansolar Generation SA and any other party as identified in the CKR Holding/Wire Account Ledger dated July 1, 2014 through January 30, 2015 attached hereto as Exhibit C.

**REQUEST FOR PRODUCTION NO. 6.:**

Any and all DOCUMENTS RELATED to Northwest Development Luxury Group, including but not limited to all DOCUMENTS RELATED to any transactions between Northwest Development Luxury Group and any other party as identified in the CKR Holding/Wire Account Ledger dated July 1, 2014 through May 14, 2015 attached hereto as Exhibit D.

**REQUEST FOR PRODUCTION NO. 7.:**

Any and all DOCUMENTS RELATED to Reythmno Resorts Ltd Hotel & Touristic Co, including but not limited to all DOCUMENTS RELATED to any transactions between Reythmno Resorts Ltd Hotel & Touristic Co and any other party, including but not limited to those transactions  which occurred in approximately June of 2015 and July of 2015 as identified in the CKR Law LLP – IOLA Attorney Trust Account – Client Ledgers dated 3/4/16 attached hereto as Exhibit E.

**REQUEST FOR PRODUCTION NO. 8.:**

Any and all DOCUMENTS RELATED to WP Moore, including but not limited to all DOCUMENTS RELATED to any transactions between WP Moore and any other party, including but not limited to those transactions which occurred in 2015 as identified in the CKR Law LLP – IOLA Attorney Trust Account – Client Ledgers dated 3/4/16 attached hereto as Exhibit E.

**REQUEST FOR PRODUCTION NO. 9.:**

Any and all DOCUMENTS RELATED to Equus Holdings (HK) Limited, including but not limited to all DOCUMENTS RELATED to any transactions between Equus Holdings (HK) Limited and any other party which occurred in 2014, 2015 and 2016, including but not limited to those transactions identified in the CKR Law LLP – IOLA Attorney Trust Account – Client Ledgers dated 3/4/16 attached hereto as Exhibit E.

**REQUEST FOR PRODUCTION NO. 10.:**

Any and all DOCUMENTS RELATED to Maytiv Foundation, including but not limited to all DOCUMENTS RELATED to any transactions between Maytiv Foundation and any other party which occurred in 2014, 2015 and 2016, including but not limited to those transactions identified in the CKR Law LLP – IOLA Attorney Trust Account – Client Ledgers dated 3/4/16 attached hereto as Exhibit E.

## **Exhibit B:**

CKR Holding/Wire Account Ledger dated July 1, 2014 through September 19, 2014

## Crone Kline Rinde LLP
# Holding/Wire Account Ledger
### July 1 through September 19, 2014

| Type | Date | Num | Source Name | Account | Amount | Balance |
|---|---|---|---|---|---|---|
| **AIZ Transaction** | | | | | | |
| Deposit | 9/3/2014 | Wire | | Financial Instruments | -100,000.00 | -100,000.00 |
| Deposit | 9/5/2014 | Wire | | Financial Instruments | -90,000.00 | -190,000.00 |
| Deposit | 9/8/2014 | Wire | | Financial Instruments | -410,000.00 | -600,000.00 |
| Deposit | 9/8/2014 | Bank Dep | | Financial Instruments | -100,000.00 | -700,000.00 |
| Check | 9/8/2014 | Wire | BMR | Expenses-Financial Instruments | 350,000.00 | -350,000.00 |
| Check | 9/8/2014 | Wire | Equus Holdings Limited | Expenses-Financial Instruments | 100,000.00 | -250,000.00 |
| Check | 9/8/2014 | Transfer | Crone Kline Rinde LLP | Expenses-Financial Instruments | 125,000.00 | -125,000.00 |
| Check | 9/10/2014 | Wire | Trunity, Inc. | Expenses-Financial Instruments | 100,000.00 | -25,000.00 |
| Check | 9/10/2014 | Wire | Stonehill Business Capital Corp. | Expenses-Financial Instruments | 25,000.00 | 0.00 |
| Total AIZ Transaction | | | | | 0.00 | 0.00 |
| | | | | | | |
| **Endeavor Global Partners** | | | | | | |
| Deposit | 7/25/2014 | | | Financial Instruments | -2,700,000.00 | -2,700,000.00 |
| Check | 7/28/2014 | Wire | Juntion Development Hong Kong Ltd. | Expenses-Financial Instruments | 325,000.00 | -2,375,000.00 |
| Check | 7/28/2014 | Wire | Ivan Berkowitz | Expenses-Financial Instruments | 50,000.00 | -2,325,000.00 |
| Check | 7/28/2014 | Wire | Paul C. Psarris | Expenses-Financial Instruments | 75,000.00 | -2,250,000.00 |
| Check | 7/28/2014 | Wire | Stonehill Business Capital Corp. | Expenses-Financial Instruments | 25,000.00 | -2,225,000.00 |
| Check | 7/29/2014 | Wire | Juntion Development Hong Kong Ltd. | Expenses-Financial Instruments | 325,000.00 | -1,900,000.00 |
| Check | 7/29/2014 | Wire | Zellex Ltd. | Expenses-Financial Instruments | 1,358,715.54 | -541,284.46 |
| Check | 7/30/2014 | Wire | Juntion Development Hong Kong Ltd. | Expenses-Financial Instruments | 330,000.00 | -211,284.46 |
| Total Endeavor Global Partners | | | | | -211,284.46 | -211,284.46 |
| **Endeavor Global Partners (2)** | | | | | | |
| Deposit | 8/13/2014 | | | Financial Instruments | -1,340,000.00 | -1,340,000.00 |
| Check | 8/13/2014 | Wire | Zellex Ltd. | Expenses-Financial Instruments | 1,216,415.67 | -123,584.33 |
| Check | 8/25/2014 | Transfer | Crone Kline Rinde LLP | Expenses-Financial Instruments | 123,584.33 | 0.00 |
| Total Endeavor Global Partners (2) | | | | | 0.00 | 0.00 |

## Crone Kline Rinde LLP
## Holding/Wire Account Ledger
### July 1 through September 19, 2014

| Type | Date | Num | Source Name | Account | Amount | Balance |
|------|------|-----|-------------|---------|--------|---------|
| **Letter of Credit** | | | | | | |
| Check | 7/29/2014 | Wire | Yiu Fung | Other Expense | 200,000.00 | 200,000.00 |
| Total Letter of Credit | | | | | 200,000.00 | 200,000.00 |

## **Exhibit C:**

CKR Holding/Wire Account Ledger dated July 1, 2014 through January 30, 2015

# Crone Kline Rinde LLP

## Holding/Wire Account Ledger

### July 1, 2014 through January 30, 2015

| Type | Date | Num | Source Name | Account | Amount | Balance |
|------|------|-----|-------------|---------|-------:|--------:|
| **AIZ Transaction** | | | | | | |
| Deposit | 9/3/2014 | Wire | | Financial Instruments | -100,000.00 | -100,000.00 |
| Deposit | 9/5/2014 | Wire | | Financial Instruments | -90,000.00 | -190,000.00 |
| Deposit | 9/8/2014 | Wire | | Financial Instruments | -410,000.00 | -600,000.00 |
| Deposit | 9/8/2014 | Bank Dep | | Financial Instruments | -100,000.00 | -700,000.00 |
| Check | 9/8/2014 | Wire | BMR | Expenses-Financial Instruments | 350,000.00 | -350,000.00 |
| Check | 9/8/2014 | Wire | Equus Holdings Limited | Expenses-Financial Instruments | 100,000.00 | -250,000.00 |
| Check | 9/8/2014 | Transfer | Crone Kline Rinde LLP | Expenses-Financial Instruments | 125,000.00 | -125,000.00 |
| Check | 9/10/2014 | Wire | Trunity, Inc. | Expenses-Financial Instruments | 100,000.00 | -25,000.00 |
| Check | 9/10/2014 | Wire | Stonehill Business Capital Corp. | Expenses-Financial Instruments | 25,000.00 | 0.00 |
| Total AIZ Transaction | | | | | 0.00 | 0.00 |
| **Endeavor Global  Partners** | | | | | | |
| Deposit | 12/22/2014 | | | Financial Instruments | -1,190,920.28 | -1,190,920.28 |
| Deposit | 12/22/2014 | | | Financial Instruments | -72,948.92 | -1,263,869.20 |
| Deposit | 12/22/2014 | | | Financial Instruments | -24,503.74 | -1,288,372.94 |
| Deposit | 12/22/2014 | | | Financial Instruments | -1,025,000.00 | -2,313,372.94 |
| Deposit | 12/22/2014 | | | Financial Instruments | -54,471.36 | -2,367,844.30 |
| Deposit | 12/22/2014 | | | Financial Instruments | -37,440.42 | -2,405,284.72 |
| Deposit | 12/22/2014 | | | Financial Instruments | -21,680.48 | -2,426,965.20 |
| Deposit | 12/22/2014 | | | Financial Instruments | -21,215.30 | -2,448,180.50 |
| Deposit | 12/22/2014 | | | Financial Instruments | -11,819.50 | -2,460,000.00 |
| Deposit | 12/22/2014 | | | Financial Instruments | -30,000.00 | -2,490,000.00 |
| Check | 12/22/2014 | | Crone Kline Rinde LLP | Expenses-Financial Instruments | 30,000.00 | -2,460,000.00 |
| Check | 12/22/2014 | | Crone Kline Rinde LLP | Expenses-Financial Instruments | 1,255,041.62 | -1,204,958.38 |
| Check | 12/22/2014 | Wire | Zellex Management Services Ltd. | Expenses-Financial Instruments | 1,000,000.00 | -204,958.38 |
| Check | 12/22/2014 | Transfer | Crone Kline Rinde LLP | Expenses-Financial Instruments | 204,958.38 | 0.00 |
| Total Endeavor Global  Partners | | | | | 0.00 | 0.00 |
| **Endeavor Global Partners** | | | | | | |

## Crone Kline Rinde LLP
## Holding/Wire Account Ledger
### July 1, 2014 through January 30, 2015

| Type | Date | Num | Source Name | Account | Amount | Balance |
|---|---|---|---|---|---|---|
| Deposit | 7/25/2014 | | | Financial Instruments | -2,700,000.00 | -2,700,000.00 |
| Check | 7/28/2014 | Wire | Juntion Development Hong Kong Ltd. | Expenses-Financial Instruments | 325,000.00 | -2,375,000.00 |
| Check | 7/28/2014 | Wire | Ivan Berkowitz | Expenses-Financial Instruments | 50,000.00 | -2,325,000.00 |
| Check | 7/28/2014 | Wire | Paul C. Psarris | Expenses-Financial Instruments | 75,000.00 | -2,250,000.00 |
| Check | 7/28/2014 | Wire | Stonehill Business Capital Corp. | Expenses-Financial Instruments | 25,000.00 | -2,225,000.00 |
| Check | 7/29/2014 | Wire | Juntion Development Hong Kong Ltd. | Expenses-Financial Instruments | 325,000.00 | -1,900,000.00 |
| Check | 7/29/2014 | Wire | Zellex Ltd. | Expenses-Financial Instruments | 1,358,715.54 | -541,284.46 |
| Check | 7/30/2014 | Wire | Juntion Development Hong Kong Ltd. | Expenses-Financial Instruments | 330,000.00 | -211,284.46 |
| Check | 10/1/2014 | Transfer | Crone Kline Rinde LLP | Expenses-Financial Instruments | 11,000.00 | -200,284.46 |
| Total Endeavor Global Partners | | | | | -200,284.46 | -200,284.46 |
| **Endeavor Global Partners (2)** | | | | | | |
| Deposit | 8/13/2014 | | | Financial Instruments | -1,340,000.00 | -1,340,000.00 |
| Check | 8/13/2014 | Wire | Zellex Ltd. | Expenses-Financial Instruments | 1,216,415.67 | -123,584.33 |
| Check | 8/25/2014 | Transfer | Crone Kline Rinde LLP | Expenses-Financial Instruments | 123,584.33 | 0.00 |
| Total Endeavor Global Partners (2) | | | | | 0.00 | 0.00 |

# Crone Kline Rinde LLP

## Holding/Wire Account Ledger

### July 1, 2014 through January 30, 2015

| Type | Date | Num | Source Name | Account | Amount | Balance |
|------|------|-----|-------------|---------|--------|---------|
| **Letter of Credit** | | | | | | |
| Check | 7/29/2014 | Wire | Yiu Fung | Expenses-Financial Instruments | 200,000.00 | 200,000.00 |
| Total Letter of Credit | | | | | 200,000.00 | 200,000.00 |
| **Panasolar Generation SA** | | | | | | |
| Deposit | 11/12/2014 | | | Transfer To/From Holding Acct | -19,970.00 | -19,970.00 |
| Check | 11/12/2014 | Transfer | Crone Kline Rinde LLP | Transfer To/From Holding Acct | 19,970.00 | 0.00 |
| Deposit | 11/12/2014 | | | Transfer To/From Holding Acct | -19,970.00 | -19,970.00 |
| Check | 11/12/2014 | Transfer | Crone Kline Rinde LLP | Transfer To/From Holding Acct | 19,970.00 | 0.00 |
| Deposit | 12/4/2014 | | | Transfer To/From Holding Acct | -9,975.00 | -9,975.00 |
| Check | 12/4/2014 | Transfer | Crone Kline Rinde LLP | Transfer To/From Holding Acct | 9,975.00 | 0.00 |
| Total Panasolar Generation SA | | | | | 0.00 | 0.00 |

## **Exhibit D:**

CKR Holding/Wire Account Ledger dated July 1, 2014 through May 14, 2015

**CKR Law LLP**

# Holding/Wire Account Ledger

**July 1, 2014 through May 14, 2015**

| Type | Date | Num | Source Name | Account | Amount | Balance |
|------|------|-----|-------------|---------|-------:|--------:|
| **AIZ Transaction** | | | | | | |
| Deposit | 9/3/2014 | Wire | | Financial Instruments | -100,000.00 | -100,000.00 |
| Deposit | 9/5/2014 | Wire | | Financial Instruments | -90,000.00 | -190,000.00 |
| Deposit | 9/8/2014 | Wire | | Financial Instruments | -410,000.00 | -600,000.00 |
| Deposit | 9/8/2014 | Bank Dep | | Financial Instruments | -100,000.00 | -700,000.00 |
| Check | 9/8/2014 | Wire | BMR | Expenses-Financial Instruments | 350,000.00 | -350,000.00 |
| Check | 9/8/2014 | Wire | Equus Holdings Limited | Expenses-Financial Instruments | 100,000.00 | -250,000.00 |
| Check | 9/8/2014 | Transfer | CKR Law LLP | Expenses-Financial Instruments | 125,000.00 | -125,000.00 |
| Check | 9/10/2014 | Wire | Trunity, Inc. | Expenses-Financial Instruments | 100,000.00 | -25,000.00 |
| Check | 9/10/2014 | Wire | Stonehill Business Capital Corp. | Expenses-Financial Instruments | 25,000.00 | 0.00 |
| **Total AIZ Transaction** | | | | | 0.00 | 0.00 |

**CKR Law LLP**

## Holding/Wire Account Ledger

**July 1, 2014 through May 14, 2015**

| Type | Date | Num | Source Name | Account | Amount | Balance |
|---|---|---|---|---|---|---|
| **Endeavor Global  Partners** | | | | | | |
| Deposit | 12/22/2014 | | | Financial Instruments | -1,190,920.28 | -1,190,920.28 |
| Deposit | 12/22/2014 | | | Financial Instruments | -72,948.92 | -1,263,869.20 |
| Deposit | 12/22/2014 | | | Financial Instruments | -24,503.74 | -1,288,372.94 |
| Deposit | 12/22/2014 | | | Financial Instruments | -1,025,000.00 | -2,313,372.94 |
| Deposit | 12/22/2014 | | | Financial Instruments | -54,471.36 | -2,367,844.30 |
| Deposit | 12/22/2014 | | | Financial Instruments | -37,440.42 | -2,405,284.72 |
| Deposit | 12/22/2014 | | | Financial Instruments | -21,680.48 | -2,426,965.20 |
| Deposit | 12/22/2014 | | | Financial Instruments | -21,215.30 | -2,448,180.50 |
| Deposit | 12/22/2014 | | | Financial Instruments | -11,819.50 | -2,460,000.00 |
| Deposit | 12/22/2014 | | | Financial Instruments | -30,000.00 | -2,490,000.00 |
| Check | 12/22/2014 | | CKR Law LLP | Expenses-Financial Instruments | 30,000.00 | -2,460,000.00 |
| Check | 12/22/2014 | | CKR Law LLP | Expenses-Financial Instruments | 1,255,041.62 | -1,204,958.38 |
| Check | 12/22/2014 | Wire | Zellex Management Services Ltd. | Expenses-Financial Instruments | 1,000,000.00 | -204,958.38 |
| Check | 12/22/2014 | Transfer | CKR Law LLP | Expenses-Financial Instruments | 204,958.38 | 0.00 |
| Total Endeavor Global  Partners | | | | | 0.00 | 0.00 |
| **Endeavor Global Partners** | | | | | | |
| Deposit | 7/25/2014 | | | Financial Instruments | -2,700,000.00 | -2,700,000.00 |
| Check | 7/28/2014 | Wire | Juntion Development Hong Kong Ltd. | Expenses-Financial Instruments | 325,000.00 | -2,375,000.00 |
| Check | 7/28/2014 | Wire | Ivan Berkowitz | Expenses-Financial Instruments | 50,000.00 | -2,325,000.00 |
| Check | 7/28/2014 | Wire | Paul C. Psarris | Expenses-Financial Instruments | 75,000.00 | -2,250,000.00 |
| Check | 7/28/2014 | Wire | Stonehill Business Capital Corp. | Expenses-Financial Instruments | 25,000.00 | -2,225,000.00 |
| Check | 7/29/2014 | Wire | Juntion Development Hong Kong Ltd. | Expenses-Financial Instruments | 325,000.00 | -1,900,000.00 |
| Check | 7/29/2014 | Wire | Zellex Ltd. | Expenses-Financial Instruments | 1,358,715.54 | -541,284.46 |
| Check | 7/30/2014 | Wire | Juntion Development Hong Kong Ltd. | Expenses-Financial Instruments | 330,000.00 | -211,284.46 |
| Check | 10/1/2014 | Transfer | CKR Law LLP | Expenses-Financial Instruments | 11,000.00 | -200,284.46 |
| Total Endeavor Global Partners | | | | | -200,284.46 | -200,284.46 |
| **Endeavor Global Partners (2)** | | | | | | |
| Deposit | 8/13/2014 | | | Financial Instruments | -1,340,000.00 | -1,340,000.00 |
| Check | 8/13/2014 | Wire | Zellex Ltd. | Expenses-Financial Instruments | 1,216,415.67 | -123,584.33 |
| Check | 8/25/2014 | Transfer | CKR Law LLP | Expenses-Financial Instruments | 123,584.33 | 0.00 |

Page 2

CKR Law LLP
## Holding/Wire Account Ledger
**July 1, 2014 through May 14, 2015**

| Type | Date | Num | Source Name | Account | Amount | Balance |
|---|---|---|---|---|---|---|

**Letter of Credit**

| Type | Date | Num | Source Name | Account | Amount | Balance |
|---|---|---|---|---|---|---|
| Check | 7/29/2014 | Wire | Yiu Fung | Expenses-Financial Instruments | 200,000.00 | 200,000.00 |
| Total Letter of Credit | | | | | 200,000.00 | 200,000.00 |

**CKR Law LLP**

# Holding/Wire Account Ledger

### July 1, 2014 through May 14, 2015

| Type | Date | Num | Source Name | Account | Amount | Balance |
|------|------|-----|-------------|---------|--------|---------|
| Total Misc. | | | | | 0.00 | 0.00 |
| **Northwest Luxury Development Group** | | | | | | |
| Deposit | 4/28/2015 | | | Financial Instruments | -250,000.00 | -250,000.00 |
| Deposit | 4/29/2015 | | | Financial Instruments | -60,000.00 | -310,000.00 |
| Check | 4/30/2015 | Wire | Straightline Capital | Expenses-Financial Instruments | 35,000.00 | -275,000.00 |
| Check | 4/30/2015 | Transfer | CKR Law LLP | Expenses-Financial Instruments | 25,000.00 | -250,000.00 |
| Check | 5/4/2015 | Wire | BMR Consulting | Expenses-Financial Instruments | 113,951.72 | -136,048.28 |
| Check | 5/4/2015 | Wire | Equus Holdings Limited | Expenses-Financial Instruments | 125,000.00 | -11,048.28 |
| Check | 5/4/2015 | Transfer | CKR Law LLP | Expenses-Financial Instruments | 5,715.05 | -5,333.23 |
| Check | 5/4/2015 | Transfer | CKR Law LLP | Expenses-Financial Instruments | 5,333.23 | 0.00 |
| Total Northwest Luxury Development Group | | | | | 0.00 | 0.00 |
| **Panasolar Generation SA** | | | | | | |
| Deposit | 11/12/2014 | | | Transfer To/From Holding Acct | -19,970.00 | -19,970.00 |
| Check | 11/12/2014 | Transfer | CKR Law LLP | Transfer To/From Holding Acct | 19,970.00 | 0.00 |
| Deposit | 11/12/2014 | | | Transfer To/From Holding Acct | -19,970.00 | -19,970.00 |
| Check | 11/12/2014 | Transfer | CKR Law LLP | Transfer To/From Holding Acct | 19,970.00 | 0.00 |
| Deposit | 12/4/2014 | | | Transfer To/From Holding Acct | -9,975.00 | -9,975.00 |
| Check | 12/4/2014 | Transfer | CKR Law LLP | Transfer To/From Holding Acct | 9,975.00 | 0.00 |
| Total Panasolar Generation SA | | | | | 0.00 | 0.00 |

## **Exhibit E:**

CKR Law LLP – IOLA Attorney Trust Account – Client Ledgers dated 3/4/16

# CKR Law LLP - IOLA

## Attorney Trust Account - Client Ledgers

### All Transactions

03/04/16

| Type | Date | Num | Source Name | Memo | Split | Amount | Balance |
|------|------|-----|-------------|------|-------|--------|---------|



**Endeavor Global Partners**

| Type | Date | Num | Source Name | Memo | Split | Amount | Balance |
|------|------|-----|-------------|------|-------|--------|---------|
| Deposit | 11/4/2015 | Transfer | | Endeavor Global Partners (HK) Limited | Citibank - CKR ... | 2,500.00 | 2,500.00 |
| Check | 12/23/2015 | Wire | Asia Business Service Limited | Endeavor Global Partners (HK) Limited | Citibank - CKR ... | -49.84 | 2,450.16 |
| Check | 2/23/2016 | Wire | Atrix Business Services Limited | Endeavor Global Partners (HK) Limited $1250 HKD | Citibank - CKR ... | -164.88 | 2,285.28 |
| Total Endeavor Global Partners | | | | | | 2,285.28 | 2,285.28 |



**Equus Holdings (HK) Limited**

| Type | Date | Num | Source Name | Memo | Split | Amount | Balance |
|------|------|-----|-------------|------|-------|--------|---------|
| Deposit | 7/16/2015 | Wire | | Equus Holdings (HK) Limited | Citibank - CKR ... | 49,975.00 | 49,975.00 |
| Check | 7/17/2015 | Wire | Mark E. Crone | Equus Holdings (HK) Limited | Citibank - CKR ... | -49,975.00 | 0.00 |
| Deposit | 10/30/2015 | Wire | | Equus Holdings (HK) Limited | Citibank - CKR ... | 421,884.00 | 421,884.00 |
| Deposit | 11/4/2015 | Transfer | | Equus Holdings (HK) Ltd. - EGP (HK) Ltd. | Citibank - CKR ... | 187,500.00 | 609,384.00 |
| Check | 11/9/2015 | Wire | Ding Ke | Equus Holdings (HK) Limited | Citibank - CKR ... | -49,750.00 | 559,634.00 |
| Check | 11/9/2015 | Wire | Xie Rui | Equus Holdings (HK) Limited | Citibank - CKR ... | -49,500.00 | 510,134.00 |

03/04/16

# CKR Law LLP - IOLA
# Attorney Trust Account - Client Ledgers
## All Transactions

| Type | Date | Num | Source Name | Memo | Split | Amount | Balance |
|------|------|-----|-------------|------|-------|--------|---------|
| Check | 11/16/2015 | 1055 | Cash | Equus Holdings (HK) Limited | Citibank - CKR ... | -15,000.00 | 495,134.00 |
| Check | 11/24/2015 | Transfer | CKR Law LLP | Equus Holdings (HK) Limited | Citibank - CKR ... | -20,000.00 | 475,134.00 |
| Check | 12/7/2015 | Transfer | CKR Law LLP | Equus Holdings (HK) Limited | Citibank - CKR ... | -10,000.00 | 465,134.00 |
| Check | 12/10/2015 | Transfer | CKR Law LLP | Equus Holdings (HK) Limited | Citibank - CKR ... | -75,000.00 | 390,134.00 |
| Check | 12/21/2015 | Transfer | CKR Law LLP | Equus Holdings (HK) Limited | Citibank - CKR ... | -6,420.00 | 383,714.00 |
| Check | 12/21/2015 | Wire | Jeffrey A. Rinde | Equus Holdings (HK) Limited | Citibank - CKR ... | -12,686.00 | 371,028.00 |
| Check | 12/22/2015 | Wire | Jeffrey A. Rinde | Equus Holdings (HK) Limited | Citibank - CKR ... | -2,500.00 | 368,528.00 |
| Check | 12/28/2015 | Wire | Jeffrey A. Rinde | Equus Holdings (HK) Limited | Citibank - CKR ... | -10,000.00 | 358,528.00 |
| Check | 12/31/2015 | Wire | Maytiv Foundation | Equus Holdings (HK) Limited | Citibank - CKR ... | -200,000.00 | 158,528.00 |
| Check | 1/7/2016 | Transfer | CKR Law LLP | Equus Holdings (HK) Limited | Citibank - CKR ... | -85,000.00 | 73,528.00 |
| Check | 1/15/2016 | Wire | Jeffrey A. Rinde | Equus Holdings (HK) Limited | Citibank - CKR ... | -6,000.00 | 67,528.00 |
| Check | 1/20/2016 | Transfer | CKR Law LLP | Equus Holdings (HK) Limited | Citibank - CKR ... | -44,374.00 | 23,154.00 |
| Check | 1/21/2016 | Transfer | CKR Law LLP | Equus Holdings (HK) Limited | Citibank - CKR ... | -17,000.00 | 6,154.00 |
| Check | 2/18/2016 | Transfer | CKR Law LLP | Equus Holdings (HK) Limited | Citibank - CKR ... | -6,100.00 | 54.00 |

Total Equus Holdings (HK) Limited    54.00    54.00

03/04/16

# CKR Law LLP - IOLA
## Attorney Trust Account - Client Ledgers
### All Transactions

| Type | Date | Num | Source Name | Memo | Split | Amount | Balance |
|------|------|-----|-------------|------|-------|--------|---------|
| Check | 5/8/2015 | Transfer | CKR Law LLP | Maytiv Foundation | Citibank - CKR ... | -50,000.00 | 200,000.00 |
| Check | 5/14/2015 | Wire | Jiangxi Kang Ti Long Bamboo Industry Co. | Maytiv - KTL Shell | Citibank - CKR ... | -198,246.00 | 1,754.00 |
| Check | 5/14/2015 | 1021 | S2 Filings, LLC | Invoice #S-20466 | Citibank - CKR ... | -209.00 | 1,545.00 |
| Check | 5/14/2015 | 1021 | S2 Filings, LLC | Invoice #S-20498 | Citibank - CKR ... | -149.00 | 1,396.00 |
| Check | 5/14/2015 | 1022 | Vcorp Services, LLC | Invoice #1583772 | Citibank - CKR ... | -99.00 | 1,297.00 |
| Check | 5/14/2015 | 1023 | Globex Transfer, LLC | Invoice #19193 | Citibank - CKR ... | -450.00 | 847.00 |
| Check | 5/14/2015 | 1023 | Globex Transfer, LLC | Invoice #19423 | Citibank - CKR ... | -800.00 | 47.00 |
| Check | 5/21/2015 | Transfer | CKR Law LLP | Reimbursement for CUSIP partial payment | Citibank - CKR ... | -47.00 | 0.00 |
| Total Maytiv Foundation | | | | | | 0.00 | 0.00 |

03/04/16

# CKR Law LLP - IOLA

## Attorney Trust Account - Client Ledgers

### All Transactions

| Type | Date | Num | Source Name | Memo | Split | Amount | Balance |
|------|------|-----|-------------|------|-------|--------|---------|

**WP Moore**

| Type | Date | Num | Source Name | Memo | Split | Amount | Balance |
|------|------|-----|-------------|------|-------|--------|---------|
| Deposit | 7/9/2015 | | | WP Moore | Citibank - CKR ... | 2,200,000.00 | 2,200,000.00 |
| Check | 7/13/2015 | Wire | BMR Consulting | WP Moore | Citibank - CKR ... | -1,100,000.00 | 1,100,000.00 |
| Check | 7/13/2015 | Wire | Equus Holdings Limiited | WP Moore | Citibank - CKR ... | -1,050,000.00 | 50,000.00 |
| Check | 7/13/2015 | Transfer | CKR Law LLP | WP Moore | Citibank - CKR ... | -50,000.00 | 0.00 |
| Deposit | 10/19/2015 | Wire | | WP Moore Inc. | Citibank - CKR ... | 39,579.30 | 39,579.30 |
| Check | 10/20/2015 | Transfer | CKR Law LLP | WP Moore - Expense Reimbursement | Citibank - CKR ... | -39,579.30 | 0.00 |

Total WP Moore                                                                                          0.00            0.00

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

506 Santa Monica Blvd, Suite 200, Santa Monica, A 90401

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF SERVICE OF SUBPOENA ON MICHAEL MALONEY PURSUANT TO FRBP 9016 AND FRCP 45** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/17/18, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Leslie A Cohen     leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
Howard M Ehrenberg (TR)     ehrenbergtrustee@sulmeyerlaw.com,
ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com
J. Bennett Friedman     jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 8/17/18, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hon. Barry Russell
U.S. Bankruptcy Court
255 E. Temple St.
Los Angeles, CA 90012

J. Bennett Friedman, Esq.
Michael Sobkowiak, Esq.
FRIEDMAN LAW GROUP, P.C.
1900 Avenue of the Stars, 11th Fl.
Los Angeles, California 90067

United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/17/18 | Allie Kiekhofer | /s/ Allie Kiekhofer |
|---------|-----------------|---------------------|
| Date    | Printed Name    | Signature           |

4